No. 23-30497

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

FAITH CROCKER; DAVID J. SCHADWINKEL; IAN R. MCHALEY;
CHRISTOPHER F. DUFF; BYRON O. STARKS, JR.; WAYNE E. JOHNSON;
MENDELL L. POTIER,

Plaintiffs-Appellants,

v.

LLOYD AUSTIN; UNITED STATES DEPARTMENT OF DEFENSE; FRANK
KENDALL, III; ROBERT I. MILLER; RICHARD W. SCOBEE,

Defendants-Appellees.

—————————

On Appeal from the United States District Court
for the Western District of Louisiana

—————————

## BRIEF FOR APPELLEES

—————————

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

BRANDON B. BROWN
  *United States Attorney*

CHARLES W. SCARBOROUGH
SARAH J. CLARK
  *Attorneys, Appellate Staff
  Civil Division, Room 7216
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-8727*

## CERTIFICATE OF INTERESTED PERSONS

*Crocker v. Austin*, No. 23-30497 (5th Cir.)

A certificate of interested persons is not required, as defendants-appellees are all governmental parties. *See* 5th Cir. R. 28.2.1.

*s/ Sarah J. Clark*
Sarah J. Clark

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not needed here because this case presents a question of mootness already resolved by numerous courts. However, defendants-appellees stand ready to present argument if it would assist the Court.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF THE ISSUE ...................................................................... 1

STATEMENT OF THE CASE ....................................................................... 2

    A.    The Air Force's Former COVID-19 Vaccination Requirement .............. 2

    B.    Plaintiffs' Challenge to the Air Force's Former COVID-19 Vaccination Requirement ...................................................................... 4

SUMMARY OF ARGUMENT ......................................................................... 8

STANDARD OF REVIEW ............................................................................ 10

ARGUMENT ............................................................................................. 10

THIS CASE IS MOOT. ................................................................................ 10

    A.    The rescission of the Air Force's COVID-19 vaccination requirement mooted plaintiffs' claims. ....................................... 10

    B.    No exception to mootness applies here. .................................. 19

    C.    Plaintiff Starks' claims are also moot because he is no longer in the Air Force. .............................................................. 24

CONCLUSION .......................................................................................... 27

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                                                              **Page(s)**

*Abbott v. Biden,*
   70 F.4th 817 (5th Cir. 2023) ....................................................................... 17

*Alvarado v. Austin,*
   No. 23-1419, 2023 WL 7125168 (4th Cir. Aug. 3, 2023) ......................... 12

*Amawi v. Paxton,*
   956 F.3d 816 (5th Cir. 2020) ...................................................................... 12

*Austin v. U.S. Navy SEALs 1-26,*
   142 S. Ct. 1301 (2022) .......................................................................... 15, 16

*Bazzrea v. Mayorkas,*
   No. 3:22-cv-265, 2023 WL 3958912 (S.D. Tex. June 12, 2023) ......................... 12-13

*Dailey v. Vought Aircraft Co.,*
   141 F.3d 224 (5th Cir. 1998) ...................................................................... 23

*DeMoss v. Crain,*
   636 F.3d 145 (5th Cir. 2011) ................................................................ 11, 20

*Doster v. Kendall*:
   54 F.4th 398 (6th Cir. 2022), *vacated*,
      No. 23-154, 2023 WL 8531840 (Dec. 11, 2023) ............................. 18, 19
      No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022) .................................. 6

*Dunn v. Austin,*
   No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023) ..................................... 13

*Environmental Conservation Org. v. City of Dallas,*
   529 F.3d 519 (5th Cir. 2008) ...................................................................... 19

*Freedom from Religion Found., Inc. v. Abbott,*
   58 F.4th 824 (5th Cir. 2023).................................................................... 7, 20

*Gilligan v. Morgan,*
   413 U.S. 1 (1973) ................................................................................. 15, 16

*Hall v. Louisiana,*
   884 F.3d 546 (5th Cir. 2018) ...................................................................... 19

*Harris v. City of Houston*,
　151 F.3d 186 (5th Cir. 1998) ...................................................................... 12

*ITT Rayonier Inc. v. United States*,
　651 F.2d 343 (5th Cir. Unit B July 1981) ............................................ 21, 22

*Jackson v. Mayorkas*,
　No. 4:22-cv-0825-P, 2023 WL 5311482 (N.D. Tex. Aug. 17, 2023),
　*appeal docketed*, No. 23-11038 (5th Cir.).............................................. 13

*Kendall v. Doster*,
　No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023) ................... 12, 17, 19

*Libertarian Party v. Dardenne*,
　595 F.3d 215 (5th Cir. 2010).......................................................................... 22

*Meadows v. Odom*,
　198 F. App'x 348 (5th Cir. 2006) .................................................................. 21

*Mindes v. Seaman*,
　453 F.2d 197 (5th Cir. 1971) ................................................................. 7, 26

*Navy SEAL 1 v. Austin,*
　Nos. 22-5114, 22-5135, 2023 WL 2482927 (D.C. Cir. Mar. 10),
　*cert. denied*, 144 S. Ct. 97 (2023) ........................................................... 13

*Orloff v. Willoughby*,
　345 U.S. 83 (1953)................................................................................. 15, 16

*Robert v. Austin*,
　72 F.4th 1160 (10th Cir. 2023), *cert. denied*,
　No. 23-600, 2024 WL 72062 (U.S. Jan. 8, 2024) .......................... 12, 24, 25

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
　592 U.S. 14 (2020) ..................................................................................... 23

*Roth v. Austin*,
　62 F.4th 1114 (8th Cir. 2023) ...................................................................... 13

*Shemwell v. City of McKinney*,
　63 F.4th 480 (5th Cir. 2023) ....................................................................... 10

*Short v. Berger,*
　Nos. 22-15755, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) .................... 12

*Sossamon v. Lone Star State of Tex.,*
   560 F.3d 316 (5th Cir. 2009)..................................................................... 20

*Spell v. Edwards,*
   962 F.3d 175 (5th Cir. 2020) ............................................................ 11, 21

*U.S. Navy SEALs 1-26 v. Biden,*
   72 F.4th 666 (5th Cir. 2023) ....................................... 8, 11, 12, 14, 20, 21, 22

*Yarls v. Bunton,*
   905 F.3d 905 (5th Cir. 2018) ..................................... 7-8, 11, 19, 20, 21, 23

**Statutes:**

James M. Inhofe National Defense Authorization Act for Fiscal Year 2023,
   Pub. L. No. 117-263, 136 Stat. 2395 (2022)................................................... 2

5 U.S.C. §§ 701-706 ........................................................................ 1

10 U.S.C. § 1552 ........................................................................... 16

28 U.S.C. § 1291 ........................................................................... 1

28 U.S.C. § 1331 ........................................................................... 1

28 U.S.C. § 1346 ........................................................................... 1

28 U.S.C. § 1361 ........................................................................... 1

42 U.S.C. § 2000bb-1(c) ................................................................... 1

**Other Authorities:**

Dep't of Def., Instr. 1332.28, *Discharge Review Board (DRB)
   Procedures and Standards* (April 4, 2004),
   https://perma.cc/R9AG-DH39 ........................................................... 26

Order, *Navy SEAL 1 v. Secretary of the U.S. Dep't of Def.,*
   No. 22-10645 (11th Cir. May 9, 2023), Dkt. No. 77................................. 13

Order, *Pilot v. Austin,* No. 8:22-cv-1278
   (M.D. Fla. June 15, 2023), Dkt. No. 222 ........................................... 13

Leo Shane III, *Troops Who Refused COVID Vaccines Still Could Face Punishment*, Military Times (Feb. 28, 2023), https://perma.cc/6YV4-UBDM ................................................................ 18

*Transcript: Sabrina Singh, Deputy Pentagon Press Secretary, Holds a Press Briefing*, U.S. Dep't of Def. (Dec. 7, 2022), https://perma.cc/EXQ2-FNBN .................................................................. 2

U.S. Dep't of the Air Force, Instr. 36-2603, *Air Force Board for Correction of Military Records (AFBCMR)* (Oct. 4, 2022), https://perma.cc/GZP5-XJWB ............................................................. 16, 26

## STATEMENT OF JURISDICTION

Plaintiffs invoked the district court's subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1346, 1361; 42 U.S.C. § 2000bb-1(c); and 5 U.S.C. §§ 701-706. *See* ROA.229-30. The district court dismissed plaintiff Byron Starks' claims on May 4, 2023, ROA.539, and dismissed the remaining six plaintiffs' claims on June 22, 2023, ROA.540. The district court entered judgment on June 22, 2023. ROA.540. All seven plaintiffs filed a notice of appeal on July 21, 2023. ROA.559-60. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Plaintiffs are seven current and former Air Force service members who object to COVID-19 vaccines on religious grounds. They sought religious exemptions from the military's COVID-19 vaccination requirement and, when those requests were denied, challenged the requirement in court. The requirement has since been rescinded at the direction of Congress. Following that rescission, numerous courts, including this Court and the Supreme Court, have held that appeals involving the rescinded requirement are moot.

The issue presented on appeal is whether plaintiffs' challenge to the Air Force's now-rescinded COVID-19 vaccination requirement is moot.

**STATEMENT OF THE CASE**

**A.    The Air Force's Former COVID-19 Vaccination Requirement**

**1.** In August 2021, the Secretary of Defense directed the military departments to ensure that all service members were fully vaccinated against COVID-19. ROA.275-76; ROA.278. Service members could seek a religious exemption from this requirement. *See* ROA.275. If a service member's religious exemption request was denied, the service member could appeal to a senior official. *See* ROA.281-84. If that too was denied, the service member could either receive the vaccine, wait for the military to initiate separation proceedings, or—if eligible—retire. ROA.282-84.

**2.** In December 2022, Congress passed, and the President signed into law, the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, 136 Stat. 2395 (2022) (2023 NDAA). Section 525 of the 2023 NDAA—enacted over the objection of the Department of Defense—obligated the Secretary of Defense to rescind the COVID-19 vaccination requirement. 136 Stat. at 2571-72; *see Transcript: Sabrina Singh, Deputy Pentagon Press Secretary, Holds a Press Briefing*, U.S. Dep't of Def. (Dec. 7, 2022), https://perma.cc/EXQ2-FNBN.

On January 10, 2023, the Secretary of Defense rescinded the military's COVID-19 vaccination requirement. ROA.460 (Rescission Memorandum). The Rescission Memorandum provided that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19

vaccination if they sought an accommodation on religious, administrative, or medical grounds." ROA.460. In addition, it directed the military departments to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand," and to "cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests." ROA.460. It further stated that former service members who were discharged on the sole basis that they failed to obey an order to receive a COVID-19 vaccine "may petition their Military Department's Discharge Review Boards and Boards for Correction of Military or Naval Records to individually request a correction to their personnel records, including records regarding the characterization of their discharge." ROA.461. The memorandum noted that commanders retained the ability "to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions." ROA.461.

In the following weeks, the military issued guidance implementing the rescission and updating other vaccination-related policies. *See, e.g.*, ROA.462; ROA.463; ROA.484; ROA.485-86; ROA.487-89. In February 2023, for example, the Deputy Secretary of Defense issued guidance emphasizing that the Rescission Memorandum "rendered all [Department of Defense] Component policies, directives, and guidance implementing [the] vaccination mandates as no longer in effect as of January 10, 2023." ROA.485. This included, but was not limited to, "any COVID-19 vaccination requirements or

related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19." ROA.485. The Deputy Secretary directed commanders to comply with foreign-nation entry requirements but otherwise prohibited individual commanders from requiring vaccination against COVID-19 or considering a member's COVID-19 immunization status when making "deployment, assignment, and other operational decisions, absent establishment of a new immunization requirement" to be approved at the level of the Assistant Secretary of Defense for Health Affairs, which will occur "only when justified by compelling operational needs and will be as narrowly tailored as possible." ROA.485-86.

The Secretary of the Air Force reiterated that service members who sought religious exemptions would have any adverse actions related to the COVID-19 vaccine removed from their files. ROA.487. Consistent with that policy, the Secretary of the Air Force directed that, *inter alia*, any letters of admonishment, counseling, or reprimand be removed from service members' files; any nonjudicial punishments imposed be set aside entirely; and promotion records be corrected to reflect the removal of adverse actions. ROA.488.

### B. Plaintiffs' Challenge to the Air Force's Former COVID-19 Vaccination Requirement

**1.** Plaintiffs are seven current and former members of the United States Air Force and Air Force Reserve who object on religious grounds to receiving a COVID-19 vaccine.

Plaintiffs Christopher Duff and Ian McHaley are members of the United States Air Force. Plaintiffs Faith Crocker, Wayne Johnson, David Schadwinkel, and Mendell Potier are members of the Air Force Reserve. Plaintiff Byron Starks is a former member of the United States Air Force. Each plaintiff requested and was denied a religious exemption from the Air Force's COVID-19 vaccination requirement. *See* ROA.230-32 (Crocker); ROA.233-34 (Duff); ROA.235-36 (Johnson); ROA.237-38 (Schadwinkel); ROA.238-40 (McHaley); ROA.240-41 (Potier); ROA.241-42 (Starks).

Plaintiffs filed suit in spring 2022, bringing claims under the Religious Freedom Restoration Act, the First Amendment, and the Administrative Procedure Act against the Secretary of Defense, the Department of Defense, the Secretary of the Air Force, the Surgeon General of the Air Force, and the Commander of the Air Force Reserve Command. *See* ROA.11 (complaint from Crocker); ROA.227 (amended complaint adding the remaining plaintiffs); *see also* ROA.158; ROA.260-71. Plaintiffs sought a declaration that the COVID-19 vaccination requirement was unlawful, as well as preliminary and permanent injunctions preventing the enforcement of the requirement. ROA.271-72; *see* ROA.245-46.

Plaintiffs moved for a preliminary injunction in June 2022. ROA.295. Before briefing on that motion was complete, two developments occurred. First, plaintiff Starks was separated from the Air Force when the Air Force discovered that he had a preexisting and disqualifying medical condition. ROA.414; *see* ROA.334-35. Starks received a general discharge under honorable conditions on the basis of erroneous

enlistment. ROA.335; ROA.414. Second, a district court in Ohio certified a class of Air Force members who had submitted religious exemption requests and preliminarily enjoined the military from enforcing the COVID-19 vaccination requirement against the class. *See Doster v. Kendall*, No. 1:22-cv-84, 2022 WL 2974733 (S.D. Ohio July 27, 2022). The preliminary injunction in the Ohio case covered all of the plaintiffs in this case except Starks, who was no longer a member of the Air Force. *See* ROA.328. The district court in this case therefore denied plaintiffs' motion for a preliminary injunction as moot and stayed the case as to all of the plaintiffs except Starks. ROA.331.

**2.** Defendants moved to dismiss Starks' claims, pointing out that he was no longer subject to the challenged vaccination requirement and would not be in the future because he was not medically eligible to rejoin the Air Force whether or not he received a COVID-19 vaccine. *See* ROA.333-34; ROA.339-40. Starks therefore lacked a concrete interest in challenging the vaccination requirement. ROA.340. And even if he had such an interest, he had not yet pursued administrative relief before the Air Force Discharge Review Board or the Air Force Board for Correction of Military Records. *See* ROA.335-36.

While the motion to dismiss Starks' claims was pending, Congress enacted the 2023 NDAA and the Secretary of Defense rescinded the military's COVID-19 vaccination requirement. *See supra* pp. 2-4. Defendants then moved to dismiss the remaining plaintiffs' claims as moot. ROA.446.

**3.** The district court dismissed plaintiff Starks' claims on May 4, 2023. ROA.529; ROA.539. The district court agreed that Starks did not "face an actual or imminent injury" from the COVID-19 vaccination requirement because, even if it "were still in effect, it would not apply to Starks." ROA.534-35. Starks therefore lacked standing to pursue his claims. ROA.534. The court rejected Starks' argument that his discharge was pretextual, noting that such an argument should have been raised either by amended complaint or through the Air Force's administrative review procedures. ROA.535. Finally, the court held that, even if Starks had standing, dismissal would have been appropriate for failure to exhaust administrative remedies under *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971). *See* ROA.536-38.

The district court dismissed the remaining plaintiffs' claims as moot on June 22, 2023, and entered judgment the same day. ROA.540-41. The court acknowledged that, "where a plaintiff brings a lawsuit to challenge an amended or repealed statute or regulation, mootness is 'the default.'" ROA.549 (quoting *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023)). "The challenged mandate, which at one point hung over Plaintiffs' heads, simply does not exist anymore—there is no axe left to fall." ROA.551. Because the COVID-19 vaccination requirement had been rescinded, the court could no longer provide plaintiffs with a remedy. *See* ROA.549-50. "'No matter how vehemently the parties continue to dispute the lawfulness' of the original mandate, there is simply no impending threat to Plaintiffs' rights, and there is no live case or controversy for the Court to act on." ROA.551 (quoting *Yarls v. Bunton*,

905 F.3d 905, 909 (5th Cir. 2018)). Nor did any exception to mootness apply. ROA.552-53. As the court explained, although plaintiffs argued that they continued to suffer collateral consequences from the defunct vaccination requirement, those consequences had been removed. ROA.556-57. And to the extent any remained, they were speculative and not susceptible to review by the court. ROA.557-58. The court therefore dismissed plaintiffs' claims for lack of jurisdiction. ROA.558.

## SUMMARY OF ARGUMENT

**A.** This case is moot. Plaintiffs challenged the Air Force's COVID-19 vaccination requirement. But the Air Force has rescinded that requirement and restored the records of service members—including plaintiffs—who sought religious exemptions from the requirement while it was in effect. The well-established rule that the repeal of a challenged policy moots a case thus applies here, as there is no effectual relief that this Court or the district court could provide to plaintiffs if they prevailed. The district court therefore rightly dismissed the case as moot, consistent with numerous other court decisions following the rescission of the vaccination requirement.

Plaintiffs' attempts to distinguish these other mootness decisions are unavailing. This Court recognized in *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666 (5th Cir. 2023), that a similar appeal involving Navy plaintiffs was mooted by the vaccination requirement's rescission. The same logic applies here. Plaintiffs fail to identify any meaningful differences between the Navy policies at issue in *U.S. Navy SEALs 1-26*

8

and the Air Force policies here, nor have they identified any lingering consequences of the vaccination requirement that a court could remedy.

Plaintiffs cannot generate a concrete interest in the outcome of this case by arguing that they are "behind their peers" because of the vaccination requirement. The military has restored plaintiffs to the status quo ante. To the extent plaintiffs request anything beyond that—for example, an injunction requiring the military to promote them or to give them credit for training they never completed—that relief would be both unwarranted and beyond the power of the judiciary. It therefore cannot sustain an Article III case or controversy.

**B.** No exception to mootness applies here. The voluntary cessation exception does not apply, both because the rescission of the vaccination requirement was mandated by Congress and because, absent evidence to the contrary, this Court assumes that formally announced changes to government policy are not litigation posturing and have extinguished the controversy. The exception for injuries capable of repetition but evading review does not apply either. That exception defeats mootness only in exceptional situations where the challenged action is inherently time-limited and there is a reasonable expectation that the same plaintiff will be subjected to the same action in the future. Military vaccination requirements are not inherently time-limited. And plaintiffs are not likely to be subject to the same action in the future: the military rescinded the vaccination requirement over a year ago, and there is no reason to think that the military is likely to reinstate it. Nor do any collateral consequences preserve a

case or controversy here, as plaintiffs do not identify any continuing harm from the vaccination requirement that the Court could remedy.

**C.** Plaintiff Starks' claims are also moot because Starks is no longer in the Air Force. Starks was discharged in 2022 when the Air Force discovered that he had a disqualifying medical condition unrelated to COVID-19 or the COVID-19 vaccine. As a result, Starks would not be subject to the vaccination requirement even if it were still in effect.

## STANDARD OF REVIEW

The district court's grant of a motion to dismiss is reviewed de novo. *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (per curiam).

## ARGUMENT

## THIS CASE IS MOOT.

**A.    The rescission of the Air Force's COVID-19 vaccination requirement mooted plaintiffs' claims.**

**1.** This challenge to the Air Force's COVID-19 vaccination requirement is moot. Now that the requirement has been rescinded, there is no effectual relief that this Court or the district court could provide to plaintiffs. As a result, there is no live case or controversy under Article III and no subject-matter jurisdiction. The district court's decision dismissing the case should be affirmed.

As this Court has already recognized in this very context, "[a] matter is moot when it is impossible for a court to grant any effectual relief whatever to the prevailing

party." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (quotation marks omitted) (dismissing appeal of preliminary injunction as moot). A case challenging a specific law "usually becomes moot if the challenged law has expired or been repealed." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.*; *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) (per curiam). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation marks omitted). Because the mootness doctrine "ensures federal courts are only deciding live cases or controversies," *Spell*, 962 F.3d at 178-79, "[i]f a dispute ceases mid-litigation, so does [the Court's] jurisdiction," *U.S. Navy SEALs 1-26*, 72 F.4th at 672.

The dispute here has ceased because the "challenged policy [has been] repealed." *U.S. Navy SEALs 1-26*, 72 F.4th at 672. The "default rule of mootness" therefore "applies here." *Id.* Plaintiffs challenged the military's COVID-19 vaccination requirement and sought prospective relief. ROA.271-72. The challenged requirement was rescinded over a year ago. ROA.460. As a result, there is no longer any effectual relief that a court could grant on plaintiffs' claims. The Court cannot enjoin a policy that does not exist. *U.S. Navy SEALs 1-26*, 72 F.4th at 672. Nor would a declaration of the vaccination requirement's illegality have any non-speculative consequences for

plaintiffs. *See Harris v. City of Houston*, 151 F.3d 186, 191 n.5 (5th Cir. 1998) (explaining that the plaintiffs' request for declaratory relief in addition to an injunction could not save their appeal from a mootness dismissal). As with the Navy plaintiffs in *U.S. Navy SEALs 1-26*, military policy prevents the Air Force from "using vaccination status to deny deployment eligibility, training opportunities, and assignments." 72 F.4th at 673; *see* ROA.486. The military "has definitively restored Plaintiffs to equal footing with their vaccinated counterparts through repeated formal policy changes." *U.S. Navy SEALs 1-26*, 72 F.4th at 673. In short, "[t]he plaintiffs' complaint with the defendants has been resolved, and in their favor. Consequently, this case is moot." *See Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020).

Recognizing as much, numerous courts have dismissed as moot cases and appeals challenging the military's COVID-19 vaccination requirement—including the Supreme Court, in a case involving similarly situated Air Force plaintiffs. *See Kendall v. Doster*, No. 23-154, 2023 WL 8531840, at *1 (U.S. Dec. 11, 2023) (vacating court of appeals decision as moot and directing district court to vacate its preliminary injunctions); *U.S. Navy SEALs 1-26*, 72 F.4th at 669 (dismissing preliminary injunction appeal as moot); *see also Alvarado v. Austin*, No. 23-1419, 2023 WL 7125168, at *1 (4th Cir. Aug. 3, 2023) (dismissing appeal of dismissal order as moot); *Robert v. Austin*, 72 F.4th 1160, 1162 (10th Cir. 2023) (same), *cert. denied*, No. 23-600, 2024 WL 72062, at *1 (U.S. Jan. 8, 2024); *Short v. Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384, at *1 (9th Cir. Feb. 24, 2023) (same); *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912,

at *1 (S.D. Tex. June 12, 2023) (dismissing case as moot); *Jackson v. Mayorkas*, No. 4:22-cv-0825-P, 2023 WL 5311482, at *1 (N.D. Tex. Aug. 17, 2023) (same), *appeal docketed*, No. 23-11038 (5th Cir.); Order at 2, *Pilot v. Austin*, No. 8:22-cv-1278 (M.D. Fla. June 15, 2023), Dkt. No. 222 (same); *accord Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023) (dismissing appeal of preliminary injunction denial as moot); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, Nos. 22-5114, 22-5135, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10) (per curiam) (same), *cert. denied*, 144 S. Ct. 97 (2023); *cf.* Order at 2-3, *Navy SEAL 1 v. Secretary of the U.S. Dep't of Def.*, No. 22-10645 (11th Cir. May 9, 2023), Dkt. No. 77 (per curiam) (remanding preliminary injunction appeal in light of district court's indicative ruling dismissing the case as moot).

**2.** Plaintiffs argue that their challenge to the vaccination requirement is not moot because their careers have been harmed by the requirement. Br. 23. But to the extent there are lingering effects of the rescinded requirement, they are not the kind that a court could remedy. And the future effects that plaintiffs purport to fear are too speculative to support a case or controversy.

**a.** As a preliminary matter, plaintiffs' only response to the weight of authority on mootness is to point out that many of these decisions involved preliminary injunctions, rather than final judgments. Br. 17. But that is unsurprising, given that the requirement was rescinded while a variety of preliminary injunction grants and denials were being litigated in the courts of appeals. Courts of appeals therefore dealt with the issue at

hand—whether the preliminary injunction appeals were moot—sometimes remanding to the district court to decide in the first instance whether the case as a whole was moot. That is precisely what occurred in *U.S. Navy SEALs 1-26*, 72 F.4th at 676. That fact does not undermine the force of the courts' consensus that challenges like the one at issue here are moot.

**b.** As for any lingering effects of the rescinded requirement, plaintiffs do not dispute that the Air Force has already removed any adverse actions in their files related to their decision not to receive the COVID-19 vaccine. *See* ROA.490 (declaration of Staff Sergeant Ashley Chaponis, confirming that the six plaintiffs still in the Air Force had no adverse actions in their personnel records for vaccine refusal). Indeed, four of the six plaintiffs (Johnson, Schadwinkel, McHaley, and Potier) never received any adverse actions for such refusals in the first place. ROA.491. There is no barrier to plaintiffs continuing on with their careers. They cannot be punished for their decision not to be vaccinated, nor can commanders consider that decision in making deployment, assignment, and other operational decisions. ROA.485-86.

According to plaintiffs, however, at least some of them have "missed opportunities to promote, train, and fulfill milestone positions because of this vaccine mandate." Br. 23. Specifically, plaintiffs assert that Duff was held back from a training that "would set him up for promotion," that McHaley was denied a promotion to First Sergeant, and that Potier was denied a deployment and the pay that would have

14

accompanied it. *See id.*[1] Plaintiffs argue that they are therefore "behind their peers." *Id.* Even accepting these assertions as true, these are not the kinds of lingering effects that a court could remedy. Plaintiffs have already had their records restored to the status quo ante. In addition, under Department of Defense and Air Force policy, plaintiffs' unvaccinated status poses no barrier to their ability to participate in trainings and deployments or to be promoted. In short, plaintiffs received the relief they requested— that they no longer be subjected to the military's former COVID-19 vaccination requirement. To the extent they request anything beyond that—for example, an injunction requiring the military to promote them or to give them credit for deployments or trainings they did not complete—such relief is both unwarranted and outside the court's power. It therefore cannot sustain an Article III controversy.

It is not within the power of the judiciary to dispense promotions on behalf of military commanders. *See, e.g., Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring) ("As the Court has long emphasized, . . . the 'complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments.'" (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)); *Orloff v. Willoughby*, 345 U.S. 83, 92 (1953) ("Whether [the plaintiff] deserves appointment is not for judges to say and it would be idle, or worse, to remand this case to the lower courts on any question concerning his

---

[1] First Sergeant is a special duty status to which a service member may be assigned, not a promotion in rank or duty. ROA.527-28; *see also* ROA.523.

claim to a commission."). Military promotion decisions are far outside the expertise and authority of the judiciary. Indeed, "it is difficult to conceive of an area of governmental activity in which the courts have less competence." *Gilligan*, 413 U.S. at 10. "[J]udges are not given the task of running the Army," and it is for the military, not the courts, to determine service members' fitness for duty, discipline, and assignments. *See Orloff*, 345 U.S. at 92-93; *accord U.S. Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring) (admonishing district court for "insert[ing] itself into the Navy's chain of command" and "overriding military commanders' professional military judgments"). And there are well-established internal military processes that provide an avenue for service members to seek corrections to their records if they believe that is necessary. *See, e.g.*, 10 U.S.C. § 1552; U.S. Dep't of the Air Force, Instr. 36-2603, *Air Force Board for Correction of Military Records (AFBCMR)* (Oct. 4, 2022), https://perma.cc/GZP5-XJWB.

Plaintiffs express fear that they will suffer "continued consequential discrimination" based on their vaccination status. Br. 24. But plaintiffs' fear of future discrimination is far too speculative to support the prospective relief they desire. The Department of Defense has expressly prohibited individual commanders from considering a member's COVID-19 immunization status when making "deployment, assignment, and other operational decisions." ROA.485-86. Moreover, neither the Department of Defense nor the Air Force has given any indication that they will seek to "punish religious objectors" or disfavor them in any way. Br. 24. On the contrary,

16

the military has taken pains to protect individuals who sought religious exemptions and to restore them to their previous status. *See supra* pp. 3-4.

*Abbott v. Biden*, 70 F.4th 817 (5th Cir. 2023), does not support a different conclusion. *See* Br. 27-28. As the district court recognized, *Abbott* was not moot because the Secretary of Defense had "reserved the ability to punish Guardsmen who didn't seek a religious, administrative, or medical accommodation while the mandate was operative." ROA.552 (quoting *Abbott*, 70 F.4th at 825). As a result, "many Texas militiamen still face[d] the same enforcement measures that Governor Abbott seeks to enjoin." ROA.552 (quoting *Abbott*, 70 F.4th at 825). In contrast, all the plaintiffs here sought religious exemptions from the vaccination requirement. ROA.552. The district court thus correctly concluded that plaintiffs "face no future adverse consequences by the clear terms of the Defense Secretary and Air Force memoranda." ROA.552.

Plaintiffs also suggest that the case is not moot because the Air Force "maintains a database of 'every vaccine objector'" that "would empower senior Air Force leaders to continue to punish religious objectors." Br. 24 (citing Brief in Opposition, *Kendall v. Doster*, No. 23-154, 2023 WL 7002475 (U.S. Oct. 18, 2023)). But the Supreme Court in *Doster* necessarily rejected that baseless theory when it concluded that the case was moot and directed vacatur of the court of appeals' decision and district court's preliminary injunctions. 2023 WL 8531840, at *1. Plaintiffs' reliance (Br. 28-29) on a news article from February 2023 discussing the possibility of punishment for individuals who refused the vaccine and the congressional testimony cited therein is similarly misplaced.

That article was about individuals who refused the general directive to be vaccinated "without making any requests for exemption or accommodation." Leo Shane III, *Troops Who Refused COVID Vaccines Still Could Face Punishment*, Military Times (Feb. 28, 2023), https://perma.cc/6YV4-UBDM. Plaintiffs cannot parlay outdated extra-record materials or out-of-context statements from a military official early in the implementation of the rescission into an ongoing concrete interest in challenging a defunct requirement.

Nor would declaring the Air Force's entire religious exemption process unconstitutional provide plaintiffs with effectual relief. *See* Br. 25. Plaintiffs no longer need religious exemptions from the COVID-19 vaccination requirement because there is no longer a COVID-19 vaccination requirement from which they could be exempted. And plaintiffs' speculation that they will be harmed by the exemption process in the future (which turns on the unstated assumption that plaintiffs will seek other religious exemptions in the future and have those requests denied—something plaintiffs have never alleged) is not sufficient to maintain a case or controversy.

Finally, plaintiffs suggest that, even if this Court could no longer remedy any current or future harms, "declaratory relief can serve as a precursor to monetary relief against the Appellees for backpay in the Court of Federal Claims, which precludes this case from being moot." Br. 29. Plaintiffs cite the Sixth Circuit's decision in *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), *vacated*, 2023 WL 8531840, for this proposition, but that decision was issued while the Air Force's COVID-19 vaccination requirement

was in effect and did not discuss mootness at all. The Sixth Circuit merely recognized, in the context of Federal Rule of Civil Procedure 23, that class members might seek to use a declaratory judgment obtained in a class action "'as a predicate for monetary damages' in individual suits." *Doster*, 54 F.4th at 439. That observation does not defeat mootness here, particularly since the Supreme Court has now vacated the Sixth Circuit's decision on mootness grounds. *Doster*, 2023 WL 8531840, at *1.

**B.    No exception to mootness applies here.**

**1.** The voluntary cessation exception to mootness recognizes that "[a]llegations by a defendant that its voluntary conduct has mooted the plaintiff's case require closer examination than allegations that 'happenstance' or official acts of third parties have mooted the case." *Yarls*, 905 F.3d at 910 (quoting *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 n.4 (5th Cir. 2008)). That exception does not apply here.

As an initial matter, the rescission of the military's COVID-19 vaccination requirement was not voluntary—it was mandated by Congress, which is not a party to the suit. *See Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018) (explaining that the appeal there "was mooted by actions of the Louisiana legislature, which [was] not a party to [the] suit" and so "[n]o 'fault' in mooting the appeal [was] attributable to any of the defendants, even though some of them [were] officials of the State of Louisiana").

In any event, even assuming the rescission of the vaccination requirement was voluntary, the Court treats voluntary cessation by the government with special

solicitude. *See Yarls*, 905 F.3d at 910. "Government officials in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties." *Id.* at 910-11 (quotation marks omitted); *U.S. Navy SEALs 1-26*, 72 F.4th at 673-74 ("[G]overnmental entities bear a 'lighter burden' . . . in proving that the challenged conduct will not recur once the suit is dismissed as moot." (alterations in original) (quoting *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023)); *accord DeMoss*, 636 F.3d at 150-51. As a result, absent evidence to the contrary, the Court "assume[s] that formally announced changes to official governmental policy are not mere litigation posturing" and have, in fact, extinguished the controversy. *Yarls*, 905 F.3d at 911 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009)); *accord U.S. Navy SEALs 1-26*, 72 F.4th at 674.

As this Court recognized in *U.S. Navy SEALs 1-26*, the fact that the military "could implement a new vaccine mandate in the future[] . . . does not change the mootness calculus." 72 F.4th at 674. "It is black-letter law that the government's mere 'ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception.'" *Id.* (quoting *Freedom from Religion Found.*, 58 F.4th at 833). Nor was there any sign of gamesmanship or litigation posturing. *Id.* This Court observed that "[t]he Navy rapidly complied with the NDAA. It then promulgated multiple binding policies going beyond what Congress required to eradicate the effects of the mandate." *Id.* And it expressly assured that commanders would not require Navy

service members receive the COVID-19 vaccine and that "COVID-19 vaccination status shall not be a consideration in assessing individual service member suitability for deployment or other operational missions." *Id.* at 674-75 (quoting NAVADMIN 038/23 (Feb. 15, 2023)). The same is true here. *See* ROA.486-89. The district court rightly concluded, therefore, that the voluntary cessation exception does not apply. ROA.553-54.

**2.** The exception to mootness for injuries capable of repetition but evading review applies only in "exceptional situations," *Spell*, 962 F.3d at 180 (quotation marks omitted), and only when "there is a reasonable expectation that the same complaining party will be subjected to the same action again" and "the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration," *Yarls*, 905 F.3d at 911 (quotation marks omitted); *U.S. Navy SEALs 1-26*, 72 F.4th at 675. The exception ensures that, in situations like "strikes, pregnancies, or elections," where the underlying facts are inherently time-limited, judicial review is not effectively foreclosed. *See Meadows v. Odom*, 198 F. App'x 348, 352 (5th Cir. 2006) (per curiam); *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. Unit B July 1981) (one-year placement on Environmental Protection Agency's list of violating facilities was not so short as to evade review). That exception does not apply to this case.

There is no reasonable expectation that plaintiffs will be subject to the same action again because the military has rescinded the challenged vaccination requirement at the direction of Congress. The military has not reinstated the requirement over the

course of the past year, and there is no indication that it intends to do so in the future. On the contrary, the military has gone above and beyond what Congress required in rolling back the effects of the requirement. *See* ROA.461-89; *U.S. Navy SEALs 1-26*, 72 F.4th at 674. Nor are vaccination requirements necessarily too short in duration to be fully litigated—they do not "inevitably expire[] before review is possible," *see ITT Rayonier*, 651 F.2d at 346. As a result, even if the military were to impose a new vaccination requirement to which plaintiffs objected, there is no basis to conclude that there would be any impediment to resolving a challenge to that requirement before its cessation.

According to plaintiffs, the "challenged action" will likely reoccur because the military would use the same religious exemption process that plaintiffs view as unconstitutional if it were "to impose additional experimental vaccines" in the future. *See* Br. 33. But plaintiffs have challenged the now-rescinded COVID-19 vaccination requirement, not the religious exemption process writ large. *See, e.g.*, ROA.271-72. And plaintiffs' fear that they will one day be subject to a new vaccination requirement, that they will object to that new vaccine on religious grounds, and that they then will be improperly denied a religious exemption, is far too speculative to support an Article III case or controversy. *See* ROA.555 (noting that a "theoretical possibility" is not enough (quoting *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010))). Nor does the fact that the military has not disavowed all authority "to make decisions about unvaccinated airmen that will unlawfully harm their careers" or "to punish past

objectors" (Br. 33-34) create a reasonable expectation that plaintiffs "will be subjected to the same action again," *Yarls*, 905 F.3d at 911 (quotation marks omitted).

Contrary to plaintiffs' suggestion (Br. 33), the rescinded COVID-19 vaccination requirement is unlike the temporary lockdown orders at issue in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14 (2020) (per curiam). That case involved a challenge to a New York executive order limiting attendance at religious gatherings to varying degrees depending on whether the area in question was classified as red, yellow, or orange. *Id.* at 20. The Supreme Court pointed out that the challenge was not moot just because the Governor had reclassified the areas from orange to yellow. *Id.* The executive order at issue there was still in effect and "[t]he Governor regularly change[d] the classification of particular areas without prior notice." *Id.* Here, the military's COVID-19 vaccination requirement is not in effect and has not been for over a year. Nor is there any history of the military regularly adding and removing the requirement. *Roman Catholic Diocese* thus proves no assistance to plaintiffs.

**3.** A case is not moot where the alleged violation is causing continuing harm that the court is capable of preventing. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). As discussed above, there are no lingering consequences that a court could remedy.

The collateral consequences that plaintiffs identify are either fanciful or beyond the remedial reach of the Court. According to plaintiffs, they continue to be injured by "the existence of a discriminatory accommodation process," "punishments inflicted on

those refusing the vaccine for religious reasons," and the supposed existence of an Air Force database that could potentially be used to criminally prosecute plaintiffs for refusing the COVID-19 vaccination. *See* Br. 30-31. There is no prospect that plaintiffs will be punished in any way, much less criminally prosecuted, for their decision to decline the COVID-19 vaccine. The military has confirmed that individuals who requested an exemption from the COVID-19 vaccination requirement are not to be punished, nor may commanders consider COVID-19 vaccination status in making "deployment, assignment, and other operational decisions, absent establishment of a new immunization requirement." ROA.485-86; *see also* ROA.460. Any adverse actions imposed on plaintiffs have been withdrawn. *See, e.g.*, ROA.460; ROA.485-86; ROA.490. A request for the Court to order the military to do what it has already done—or stop what it never planned to do—cannot support a case or controversy under Article III.

### C.    Plaintiff Starks' claims are also moot because he is no longer in the Air Force.

The rescission of the vaccination requirement is sufficient to affirm the dismissal of plaintiff Starks' claims, in addition to the claims of the six plaintiffs still in the Air Force. But Starks' claims are also moot because he is no longer in the military. The Tenth Circuit recognized as much in *Robert*, 72 F.4th 1160, another case challenging the military's COVID-19 vaccination requirement. There, both of the plaintiffs had left the military while the appeal was pending—one retired and the other separated. *Id.* at 1164. The plaintiffs thus could not "be subjected to any vaccine requirement associated with

service in the military because they no longer serve in the military." *Id.* As a result, their claims were moot. *Id.* So too here. Starks is not subject to this or any other requirement of military life, nor to the religious exemption process that plaintiffs assert is unlawful. Whether viewed through the lens of standing, ROA.534, or mootness, Starks lacks a concrete interest in challenging the COVID-19 vaccination requirement and would lack that interest even if the requirement had not been rescinded. Put differently, a declaratory judgment or an injunction against the rescinded requirement would not provide Starks with effectual relief—those remedies would have no practical effect on Starks at all. And because plaintiffs' requested relief would not assist Starks, Starks' claims must be dismissed as moot.

Starks argues that his discharge and its characterization as "general under honorable conditions" are collateral consequences of the vaccination requirement that a court could remedy. *See* Br. 29-31. But his discharge and its characterizations were not consequences of the vaccination requirement. Starks was discharged because he has a disqualifying medical condition, unrelated to COVID-19 or COVID-19 vaccination. ROA.335; ROA.414. Starks has argued that the medical basis for his discharge was pretextual. *See* Br. 14. But, as the district court pointed out, Starks never made that argument in his separation proceedings, nor amend his complaint to include any allegations along those lines. *See* ROA.429; ROA.535. Nor did Starks pursue relief before the Air Force Discharge Review Board (which could review and change his discharge record) or the Air Force Board for Correction of Military Records (which

25

could reinstate him into military service). *See* ROA.426-27; ROA.429-30; Dep't of Def., Instr. 1332.28, *Discharge Review Board (DRB) Procedures and Standards* (April 4, 2004), https://perma.cc/R9AG-DH39; U.S. Dep't of the Air Force, Instr. 36-2603, *supra*.

In any event, Starks has not explained how his discharge or its characterization are injuries that a court could remedy. It would not be appropriate for a court to order the military to recharacterize Starks' discharge as "honorable" rather than "general under honorable conditions," particularly where Starks has not even attempted to avail himself of the Air Force's administrative process for receiving such relief. And it would be even more inappropriate for a court to order Starks reinstated in the Air Force when the Air Force has determined that he is not medically fit to serve. Such relief would fly in the face of common sense and of principles of judicial modesty in the realm of military expertise. *See supra* pp. 15-16.

Finally, there is no reason for this Court to reach plaintiffs' argument (Br. 18-22) that the district court erred in concluding that Starks' claims should also be dismissed for failure to exhaust his administrative remedies under *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971). Br. 18-22. The district court's application of *Mindes* was an alternative ground supporting its conclusion that Starks lacked a concrete stake in his challenge to the military's COVID-19 vaccination requirement because he was no longer in the military. ROA.536-38. And, as explained, the rescission of the vaccination requirement establishes an independent basis for concluding that there is no subject-matter jurisdiction over Starks' claims. The Court can, and should, therefore affirm the

dismissal of plaintiff Starks without deciding whether the district court's alternative basis for dismissal was correct.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney*
*General*

BRANDON B. BROWN
*United States Attorney*

CHARLES W. SCARBOROUGH

*s/ Sarah J. Clark*
SARAH J. CLARK
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8727*
*sarah.clark@usdoj.gov*

JANUARY 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*s/ Sarah J. Clark*
Sarah J. Clark

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 6,645 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Sarah J. Clark*
Sarah J. Clark