

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7216
Washington, DC 20530

Tel: 202-305-8727

March 20, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

RE:　　*Crocker v. Austin*, No. 23-30497 (5th Cir.)
　　　　Rule 28(j) Notice of Supplemental Authority

Dear Mr. Cayce:

　　The government writes to notify the Court of a dismissal order in *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio March 18, 2024) (Ex. A). The plaintiffs in *Doster* were a class of Air Force service members who objected to the military's rescinded COVID-19 vaccination requirement on religious grounds. At the Supreme Court's direction, the district court in *Doster* vacated its individual and class-wide preliminary injunctions as moot. *See Kendall v. Doster*, 144 S. Ct. 481 (Mem.) (U.S. Dec. 11, 2023); Order, *Doster v. Kendall*, No. 1:22-cv-84 (Jan. 18, 2024), ECF No. 123. On March 18, following briefing, the district court in *Doster* concluded that the case as a whole was moot as well. The district court explained that the "[p]laintiffs [could not] now seek additional relief for past harms through the prospective injunctive and declaratory relief sought in the complaint." Ex. A, at 6. And the district court expressly rejected the application of the "collateral consequences" exception (on which plaintiffs rely here), noting that it could not provide the plaintiffs with any effectual relief. *Id.* at 7-8.

Sincerely,

*/s/ Sarah J. Clark*
Sarah J. Clark
Counsel for the United States

cc:　　Counsel of Record (via CM/ECF)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HUNTER DOSTER, et al., | : | Case No. 1:22-cv-84 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| HON. FRANK KENDALL, et al., | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANTS'
## RENEWED MOTION TO DISMISS (Doc. 111)

This matter is before the Court on Defendants' Renewed Motion to Dismiss (Doc. 111). Plaintiffs filed a Response in Opposition (Doc. 112), to which Defendants filed a Reply in Support (Doc. 113). Both parties filed supplemental briefing on this issue (*see* Docs. 124, 125) pursuant to the Court's order, so the matter is now ripe for review. For the following reasons, the Court **GRANTS** Defendants' Renewed Motion to Dismiss.

### FACTS & PROCEDURAL BACKGROUND

On February 16, 2022, Plaintiffs filed a Class Action Complaint for Declaratory Judgment and Injunctive Relief. (*See* Compl., Doc 1.) The named Plaintiffs—18 servicemembers in the United States Air Force—alleged that the Department of Defense's COVID-19 vaccination requirement violated the Religious Freedom Restoration Act ("RFRA") and the First Amendment. (*Id.*)

In the following months, the Court certified a class and entered preliminary injunctions. (*See* Docs. 47, 72, 77, 86.) This relief included, among other things, enjoining Defendants from (1) "taking, furthering, or continuing any disciplinary or separation measures against the members of the Class for their refusal to receive the COVID-19 vaccine" and (2) "plac[ing] or continu[ing] active reservists on no points, no pay status for their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs." (Modified Preliminary Injunction, Doc. 86, Pg. ID 5012-13.) On November 29, 2022, the Sixth Circuit affirmed the injunctions. *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), *vacated* by *Kendall v. Doster*, No. 23-154, 601 U.S. ___ (2023).

Then, in December 2022, the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 was enacted. Pub. L. No. 117-263, § 525. Pursuant to this legislation, on January 10, 2023, the Secretary of Defense rescinded the vaccine mandate and specific adverse actions for those servicemembers who sought exemptions on religious grounds. (*See* Notice of Recission, Doc. 100-1.) Subsequently, Defendants filed a petition for rehearing with the Sixth Circuit and requested that the preliminary injunctions be vacated as moot. (Petition for Rehearing, Case. No. 22-3702, Doc. 60-1.) The Sixth Circuit denied rehearing, *see Doster v. Kendall*, 65 F.4th 792, 793 (6th Cir. 2023), and Defendants filed a writ of certiorari with the Supreme Court. On December 11, 2023, the Supreme Court granted certiorari, vacated the Sixth Circuit's judgment, and ordered the Sixth Circuit to instruct this Court to vacate its preliminary injunctions as moot. *Kendall v. Doster*, No. 23-154, 601 U.S. ___ (2023).

On January 18, 2024, after the Sixth Circuit remanded this matter to the Court with instructions, the Court vacated its preliminary injunctions as moot. (Vacating Preliminary Injunctions, Doc. 123.) The Court then lifted the stay and ordered the parties to provide supplemental briefing concerning the mootness of this case in its entirety. (1/30/2024 Notation Order.)

Plaintiffs concede that the mandate's recission "moots most of this case for many of the named Plaintiffs and much of the class." (Plaintiffs' Supp., Doc. 125, Pg. ID 5968.) Yet, Plaintiffs maintain that a live case or controversy remains for two Plaintiffs—Joe Dills and Christopher Schuldes. (*Id.* at Pg. ID 5967-68.) As for relief, Plaintiffs assert that the Court may grant back pay and retirement points to these two reservists who were placed on no-points, no-pay status due to vaccine refusal. *Id.*

Dills is a Staff Sergeant in the Air Force serving as an active reservist. (Dills Decl., Doc. 125-2, Pg. ID 5982.) Dills received a letter of reprimand concerning the vaccine mandate and was transferred to no-points, no-pay status. (*Id.*) He consequently missed drill weekends from January through September 2022, so he did not receive $2,972.56 in drill pay and 32 reserve retirement points. (*Id.* at Pg. ID 5983.) These lost retirement points "will require [Dills] to serve for another year longer than [he] would otherwise have, to be eligible for retirement," and Dills expects to retire with less retirement pay as a result. (*Id.*)

Schuldes, a Senior Master Sergeant in the Air Force serving as an active reservist, is in a similar situation. (Schuldes Decl., Doc. 125-1, Pg. ID 5980.) As a result of being

3

transferred to no-points, no-pay status, Schuldes missed drill weekends from January through August 2022. (*Id.* at Pg. ID 5980-81.) This translated to a loss of $3,436.64 in drill pay and 32 retirement points. (*Id.* at Pg. ID 5981.) These lost retirement points "will require [Schuldes] to serve for another year longer than [he] would otherwise have, to be eligible for retirement," and Schuldes expects to retire with less retirement pay as a result. (*Id.*)

## LAW

The question before the Court is whether the case as a whole is moot. After all, a moot preliminary injunction does not necessarily render a case moot in its entirety. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394-95 (1981). Because federal courts may only adjudicate "actual, ongoing controversies," a case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1978) (quotation omitted). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) (cleaned up). In other words, a court must be able to grant "effectual" relief. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1985)).

## ANALYSIS

To begin, Plaintiffs concede that the mandate's recission "moots most of this case for many of the named Plaintiffs and much of the class." (Plaintiffs' Supp., Doc. 125, Pg.

4

ID 5968.) Plaintiffs argue that the Court may still remedy back pay and retirement points that were improperly withheld from Dills and Schuldes due to vaccine refusal. (*Id.*) However, Plaintiffs did not seek such relief in their Complaint. And, even if they had, the Court is unable to render back pay and retirement points to reservists who did not attend trainings.

## I. Plaintiffs Did Not Seek Retrospective Relief in Their Complaint

Defendants argue that this case is moot because—as reflected in the Complaint—Plaintiffs only sought prospective relief, not remedies for back pay and retirement points. (Renewed Motion to Dismiss, Doc. 111, Pg. ID 5405-09.) "The test for mootness is whether the *relief sought* would, if granted, make a difference to the legal interests of the parties." *Hanrahan*, 905 F.3d at 960 (cleaned up) (emphasis added). So, the Court must consider the relief Plaintiffs first sought in this case.

In their Complaint, Plaintiffs seek: (1) a preliminary injunction to preclude Defendants from taking enforcement or punitive action against Plaintiffs during the pendency of this matter "or until or unless Defendants[] rescind their current no-religious accommodation policy," (2) a declaration that the challenged orders are unconstitutional and illegal, (3) injunctive relief ordering the good faith processing of accommodations, (4) injunctive relief ordering Defendants to grant Plaintiffs' accommodation requests, (5) costs and reasonable attorney fees, and (6) other such relief that the Court deems just and proper. (Compl., Doc. 1, Pg. ID 18-19.)

None of this relief remains available after the recission of the mandate and the

5

Supreme Court's decision instructing this Court to vacate its preliminary injunctions as moot. Simply put, this case was framed as a suit for prospective relief, and such prospective relief may no longer be given by this Court. "Where, as a tactical matter, the complaint confined its requested relief to an injunction, courts are reluctant to permit an eleventh-hour change to avoid mootness." *Alexander v. Miller*, No. 320-CV-44, 2023 WL 6439887, at *11 (E.D. Ky. Sept. 29, 2023) (citing *Youngstown Publ'g Co. v. McKelvey*, 189 F. App'x 402, 407 (6th Cir. 2006)). So, Plaintiffs cannot now seek additional relief for past harms through the prospective injunctive and declaratory relief sought in the Complaint. *See Kanuszewski v. Mich. HHS*, 927 F.3d 396, 406 (6th Cir. 2019) ("The distinction between past and ongoing or future harms is significant because the type of harm affects the type of relief available.").

District courts throughout the nation have applied similar reasoning when confronted with the post-recission mootness question at the heart of this case. *See, e.g., Jackson v. Mayorkas*, No. 4:22-CV-0825, 2023 WL 5311482, at *4 (N.D. Tex. Aug. 17, 2023) (concluding that missing training because of vaccine status cannot prevent mootness when plaintiff sought only prospective relief); *Bongiovanni v. Austin*, No. 3:22-CV-580, 2023 WL 4352445, at *6 (M.D. Fla. July 5, 2023) (dismissing case as moot after finding, among other things, that plaintiffs never sought a declaration that they were entitled to back pay or any monetary benefits in the Complaint); *Bazzrea v. Mayorkas*, No. 3:22-CV-265, 2023 WL 3958912, at *6 (S.D. Tex. June 12, 2023) (rejecting late-in-the-day damages request because "declaratory and injunctive relief are the only types of relief requested

6

in connection with [Plaintiffs'] RFRA claim"). The Court finds this reasoning persuasive.

Plaintiffs' citation to *Schelske v. Austin*, No. 6:22-CV-049, 2023 WL 5986462 (N.D. Tex. Sept. 14, 2023), is distinguishable on a number of fronts. As an initial matter, those servicemembers sought "back pay" in their amended complaint. *Id*. at *31. And, although the district court permitted the back pay claims to proceed, it specifically recognized a distinction: "unlike cases where a claim for reinstatement had been previously dismissed, the claim for reinstatement here remains" since plaintiffs *remain* separated from the Army. *Id.* at 32. The same cannot be said for the case at bar. Plaintiffs did not seek back pay or retirement points in their Complaint and have since been removed from no-pay, no-points status.

Plaintiffs also contend that the collateral consequences doctrine keeps this case alive. (*See* Response, Doc. 112, Pg. ID 5832-34.) Under this doctrine, a case is not considered moot when "a 'collateral' injury survives that can be remedied by [the] court even though the primary injury may have been resolved." *E.E.O.C. v. Fed. Exp. Corp.*, 558 F.3d 842, 847 (6th Cir. 2009); *see also Sibron v. New York*, 392 U.S. 40, 53-59 (1968). But, even if the case is viewed through the lens of the collateral consequences doctrine, Plaintiffs face two obstacles that prevent this matter from remaining a live case or controversy.

First, as discussed above, there is a mismatch between the relief sought in the Complaint and what Plaintiffs now seek. Although Dills and Schuldes missed drill weekends beginning in January of 2022 and the Complaint was later filed on February 16, 2022, Plaintiffs did not seek retrospective relief, back pay, or retirement points. (*See*

7

Dills Decl., Doc. 125-2, Pg. ID 5983; Schuldes Decl., Doc. 125-1, Pg. ID 5981; Compl., Doc. 1.) Instead, as described above, the Complaint contemplates only prospective relief.

Second, even if the Court considers these claims, they nevertheless fail to save this matter from mootness. As noted above, the question of mootness turns on whether the Court can offer any "effectual" relief. *Church of Scientology of Cal.*, 506 U.S. at 12. And, for the following reasons, the Court cannot grant the Plaintiffs' recently requested relief of back pay and retirement points.

## II. The Court Cannot Grant Back Pay as Relief

Plaintiffs' claims for back pay do not create a live case or controversy. The United States pays its military servicemembers in one of two ways: members serving in full-time active duty are paid because of their professional status, and members serving part-time in the reserves are paid for drills and training they attended. *See Kuntz v. United States*, 141 Fed. Cl. 713, 716 (2019); 37 U.S.C. §§ 204(a)(1), (2), and 206(a)(1). Under this scheme, reservists cannot recover back pay for drills or training they did not attend. *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed. Cir. 1999); *see also Radziewicz v. United States*, 167 Fed. Cl. 62, 67 (2023) (collecting cases). This is true even if reservists were wrongfully prevented from attending the training or drill. *Palmer*, 168 F.3d at 1314.

In response, Plaintiffs point to *Schelske v. Austin*, 2023 WL 5986462 (N.D. Tex. Sept. 14, 2023). There, the district court held that RFRA permitted claims for back pay in connection with claims for reinstatement to active duty because back pay was "integral" to restoring prospective class members to their former status before separation from the

8

military. *Id.* at *31-32. But, the Court finds that holding unpersuasive here. The issue in *Schelske* involved active-duty servicemembers who were entitled to pay they would have earned but for their unlawful separation. *Id.* Plaintiffs, in contrast, were unable to attend drills while serving as reservists. (Dills Decl., Doc. 125-2, Pg. ID 5982; Schuldes Decl., Doc. 125-1, Pg. ID 5980.) Reservists can only receive pay for drills they attended. 37 U.S.C. § 206(a)(1). As a result, "military reservists can find themselves 'without recourse' for wrongful treatment, 'when a service member on regular active duty would have such recourse if similarly treated.'" *Radziewicz*, 167 Fed. Cl. at 67 (quoting *Palmer*, 168 F.3d at 1314–15).

Next, although Plaintiffs reference the constructive service doctrine cited in *Barnick v. United States*, 591 F.3d 1372 (Fed. Cir. 2010), the Court does not find this reasoning to be on point. Under the constructive service doctrine, "military personnel who have been illegally or improperly separated from service are deemed to have continued in active service until their legal separation." *Christian v. United States*, 337 F.3d 1338, 1347 (Fed. Cir. 2003). But, the court in *Barnick* declined to extend the constructive service doctrine to the plaintiff, in part, because he was a reservist not on extended active duty. *Barnick*, 591 F.3d at 1379. In other words, constructive service applies to servicemembers on active duty. *Reilly v. United States*, 93 Fed. Cl. 643, 648-49 (2010). Plaintiffs have not alleged that Dills or Schuldes was on active duty. (Compl., Doc. 1, ¶¶ 17, 20; Dills Decl., Doc. 125-2, Pg. ID 5982; Schuldes Decl., Doc. 125-1, Pg. ID 5980.)

Plaintiffs further contend that the Court can grant back pay because it is equitable

9

relief. (Plaintiffs' Supp., Doc. 125, Pg. ID 5971.) But, even assuming that RFRA allows servicemembers to secure equitable relief against the military for wrongful conduct, Dills and Schuldes still cannot receive back pay for the drills because they did not participate in them. *See Palmer*, 168 F.3d at 1314. Accordingly, because the Court cannot grant relief on this issue, requested back pay does not save this matter from mootness. *See Church of Scientology of Cal.*, 506 U.S. at 12.

### III.   The Court Cannot Grant Retirement Points as Relief

The reasoning pertaining to back pay also applies to Plaintiffs' claim for retirement points. Plaintiffs now seek retirement points they did not receive while on no-pay, no-points status. (Plaintiffs' Supp., Doc. 125, Pg. ID 5967-68.) Reservists receive retirement pay based on the points they accrue throughout their service. *See* 10 U.S.C. § 12733. Similar to pay, reservists can accrue points, in part, by attending drill sessions. *See* 10 U.S.C. § 12732(a)(2)(B). The Court concludes that the statutory structure—paired with the Federal Circuit's reasoning in *Palmer*—forecloses Plaintiffs' desired relief. Plaintiffs did not attend drill sessions while on no-pay, no-points status, so they cannot receive credit for participating.

Alternatively, sovereign immunity bars the recovery of retirement points in this case. Awarding these points has the effect of increasing Plaintiffs' retirement pay, which amounts to monetary damages. *See DeGroat v. Townsend*, 495 F. Supp. 2d 845, 852 (S.D. Ohio 2007); *Sosa v. Sec'y, Dep't of Def.*, 47 F.App'x 350, 351-52 (6th Cir. 2002). Congress may only waive sovereign immunity through clear statutory language. *Dept. of Agric.*

10

*Rural Dev. Rural Hous. Serv. v. Kirtz*, 144 S. Ct. 457, 465-66 (2024). Although Plaintiffs argue that the Supreme Court's decision in *Tanzin v. Tanvir* recognized that RFRA waives sovereign immunity, this holding was limited to damages against officials in their *individual* capacities. 592 U.S. 43, 49-52 (2020). In this case, Plaintiffs only brought suit against Defendants in their official capacities. (Compl., Doc. 1.) Thus, Plaintiffs have not provided authority that sovereign immunity was waived for this matter.

Accordingly, because the Court cannot grant relief on this issue, the requested retirement points do not save this matter from mootness. *See Church of Scientology of Cal.*, 506 U.S. at 12.

\* \* \*

This case is moot in its entirety. Plaintiffs brought this class action to seek prospective injunctive and declaratory relief from the military's vaccine mandate. Throughout the course of this litigation, the Court granted much of the requested relief by way of preliminary injunctions. The mandate was ultimately rescinded, and the Court received instructions from the Supreme Court to vacate its preliminary injunctions as moot. Although such a decision may not necessarily moot a case in its totality, it does here. Plaintiffs sought only prospective relief in their Complaint, and the retrospective relief of back pay and retirement points now sought cannot be given.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants' Renewed Motion to Dismiss (Doc. 111). This case is **DISMISSED WITHOUT PREJUDICE** and the matter is

11

**TERMINATED** from the Court's docket.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
